United States Court of Appeals,

Fifth Circuit.

No. 93-1159

Summary Calendar.

George A. HARMON, Plaintiff-Appellant,

v.

GENERAL MOTORS CORPORATION, Defendant-Appellee,

v.

AETNA CASUALTY AND SURETY COMPANY, Intervening Defendant-Appellant.

Sept. 3, 1993.

Appeals from the United States District Court for the Northern District of Texas.

Before GARWOOD, SMITH, and DeMOSS, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

I.

Plaintiff George Harmon, at the time in question, worked for Southern Systems, Inc. ("SSI"). SSI contracted with General Motors Corporation ("GM") to install a new conveyor system in the Arlington, Texas, assembly plant. Harmon was injured while attempting to hoist parts from the ground floor of the plant to the roof.

Prior to the accident, Harmon had been conveying materials to the roof using a crane outside the plant. On November 9, 1989, Harmon and two employees decided to use an existing hoist inside the plant. Harmon and two other workers entered an electrical substation room (the "substation") to access the hoist; a sign reading "Authorized Personnel Only" was affixed to the door.

Inside the substation, a hole in the floor allowed the hoist to be lowered to the ground floor. At the time of the accident, Harmon was on the ground floor guiding a basket filled with parts. Several barricade poles, with ropes attached, surrounded the hole. During the hoisting operation, the workers disturbed one of the poles, causing it to fall through the hole and onto Harmon's ankle. Each barricade pole consisted of an automobile wheel rim with three feet of pipe welded to it.

According to the contract between GM and SSI, SSI's workers could not use GM's equipment or be present in undesignated areas of the plant without GM's permission. Harmon knew of these rules. No one at GM ever gave permission to any of SSI's employees either to be present in the substation or to use the hoist. Harmon only obtained permission from one of SSI's supervisors. Those supervisors acknowledge that they never asked GM for permission to use either the substation or the hoist and admit that GM never would have authorized such use. Although Harmon apparently had used the hoist on two previous occasions, he produced no evidence that GM knew of such use.

After seeking and obtaining workers' compensation benefits for his injury, Harmon sued GM for his injury, claiming a premises defect.[1] After one year of discovery, GM filed a motion for summary judgment. After hearing and full briefing, the district court granted GM's motion for summary judgment on the ground that Harmon was a trespasser.

## II.

Alleging that he was an invitee, Harmon argues that the district court erred in granting summary judgment on the basis that he was a trespasser.[2] In Texas, employees of a contractor performing work at a plant can be considered invitees as to part of the plant and trespassers as to other parts. The Texas Supreme Court has explained the rule as follows:

> Thus, a person who is invited or permitted to enter a particular part of the land becomes a trespasser if he enters another part of the land. Where a person while lawfully on the property of another or on public property as an invitee leaves that portion of the property on which he has been invited, or uses the property on a venture in his own interests and not within the scope of his invitation or purpose for which the property was reasonably intended, he loses his status as an invitee and becomes a trespasser or mere licensee.

*Burton Constr. & Shipbuilding Co. v. Broussard,* 154 Tex. 50, 273 S.W.2d 598, 602-03 (1954) (citation and quotation marks omitted).

Because this case comes before us on summary judgment, we review the district court's

---

[1]Aetna Casualty and Surety Company intervened, claiming it was subrogated to Harmon's rights because it had paid workers' compensation benefits under SSI's policy.

[2]Harmon does not allege that GM's conduct amounted to willful or wanton conduct or gross negligence. Because Texas law requires a trespasser to show such a breach of duty to recover in tort, *Smither v. Texas Utils. Elec. Co.,* 824 S.W.2d 693, 695 (Tex.App.—El Paso 1992, writ dism'd by agreement), Harmon's claim fails if the district court correctly determined that he was a trespasser.

decision *de novo,* viewing all facts in the light most favorable to Harmon. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Here, however, the relevant facts are undisputed; the parties contest only the legal significance of those facts. Where the basic facts are established, the plaintiff's status as a trespasser, invitee, or licensee is a question of law. *Lechuga v. Southern Pac. Transp. Co.,* 949 F.2d 790, 794 & 799 (5th Cir.1992) (per curiam) (Texas case); *Olivier v. Snowden,* 426 S.W.2d 545, 550 (Tex.1968).

Harmon was a trespasser as a matter of law. GM and SSI had a contract that specified that SSI's employees could not use GM's equipment or enter undesignated areas of the plant without permission. Quite simply, under the terms of the contract, Harmon was a trespasser both because he entered the substation without GM's permission and because he used the hoist without its approval. In other words, the parties have determined by contract that employees of SSI become trespassers whenever they enter undesignated areas or used GM's equipment.[3]

Relying upon *Amoco Chems. Corp. v. Sutton,* 551 S.W.2d 459, 462 (Tex.Civ.App.—Eastland 1977, writ ref'd n.r.e.), Harmon argues that invitee status extends to areas that a reasonable person would think are open to him. A reasonable person, however, would not think a room marked "Authorized Personnel Only" was open to him. Moreover, this *dictum* is irrelevant to the case before us. Where a party has agreed by contract to delineate areas and equipment that are off limits, an employee of that party becomes a trespasser as a matter of law when, without permission, he enters such an area or uses such equipment. Because the contract specifies what areas are off limits, a reasonable person would not think such areas are open to him. Although some cases may present a question of whether implied permission has been given, this case raises no such issue.

The judgment of the district court is AFFIRMED.

---

[3]Although supporting our holding, the fact that Harmon personally knew that he should have obtained GM's permission is not determinative. The contract between SSI and GM is controlling, regardless of Harmon's knowledge.