

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00353-CV

UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION, ORGANIZATION UNITED FOR RESPECT AT WALMART, NORTH TEXAS JOBS WITH JUSTICE, LESTER EUGENE LANTZ, AND DOES 1-10

APPELLANTS

V.

WAL-MART STORES, INC.; WAL-MART REAL ESTATE BUSINESS TRUST; WAL-MART REALTY COMPANY; WAL-MART STORES TEXAS, LLC; WAL-MART STORES EAST, LP; AND SAM'S EAST, INC.

APPELLEES

----------

FROM THE 352ND DISTRICT COURT OF TARRANT COUNTY

----------

## OPINION

----------

## I. INTRODUCTION

This is an interlocutory appeal from the trial court's order denying Appellants' motion to dismiss filed pursuant to the Texas Citizens' Participation Act (TCPA). Because Appellees established by clear and specific evidence a prima facie case for each essential element of their trespass claim and because Appellants failed to establish by a preponderance of the evidence each essential element of the defense of consent, we will affirm the trial court's denial of Appellants' motion to dismiss. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.005(c), (d) (West Supp. 2013).

## II. BRIEF FACTUAL AND PROCEDURAL BACKGROUND[1]

The second amended petition filed by Appellees Wal-Mart Stores, Inc.; Wal-Mart Real Estate Business Trust; Wal-Mart Realty Company; Wal-Mart Stores Texas, LLC; Wal-Mart Stores East, LP; and Sam's East, Inc. (collectively Wal-Mart) details numerous incidents in which Appellants United Food and Commercial Workers International Union (UFCW) and Organization United For Respect At Walmart (OURWalmart) repeatedly entered onto Wal-Mart's private property, despite posted no-solicitation signs, and engaged in mass demonstrations. During the demonstrations, UFCW and OURWalmart blocked ingress and egress to parking lots, parking spaces, vehicular traffic, and store

---

[1]The approximately 1,200-page clerk record indicates that the details of the underlying case are well-known to the parties. Because the disposition of this interlocutory appeal does not necessitate setting forth the facts of every single trespass incident that has occurred, we set forth only a brief summary.

entrances; they screamed through bullhorns, paraded around with banners and signs on sticks, conducted in-store "flash mobs," and diverted management and local police from their normal job functions. In addition to interfering with working Wal-Mart associates, UFCW's and OURWalmart's conduct interfered with Wal-Mart customers as they tried to shop. UFCW and OURWalmart refused to leave when instructed by Wal-Mart management; they left only when they were forced to leave by police or by the threat of police intervention.

By letters dated October 14, 2011; October 8, 2012; November 15, 2012; and April 18, 2013, Wal-Mart formally notified UFCW and OURWalmart that their representatives were to cease and desist from trespassing on Wal-Mart's private property in Texas. The letters stated that Wal-Mart revoked any license or permission that UFCW and OURWalmart may have previously had as members of the general public to be in or on a Wal-Mart facility, sidewalk, or parking lot if they solicited, distributed literature, or otherwise engaged in any demonstration. Despite the notifications, the demonstrations continued at various Wal-Mart locations.

Wal-Mart initiated the underlying trespass suit against Appellants UFCW, OURWalmart, North Texas Jobs With Justice, Lester Eugene Lantz, and Does 1-10 (collectively United Food) and sought a permanent injunction so that Wal-Mart could manage, control, and operate its business affairs on its private property free from United Food's trespasses and disruptions. United Food filed a plea to

3

the jurisdiction,[2] special exceptions, and an answer in which United Food pleaded the affirmative defense that Wal-Mart had consented to United Food's entry onto Wal-Mart's property. United Food thereafter filed a motion to dismiss under the TCPA. Wal-Mart filed a response in opposition to the motion to dismiss and attached declarations from Wal-Mart employees who had witnessed the mass demonstrations; the declarants described the demonstrations, the duration of the demonstrations, and the disruption the demonstrations caused in the Wal-Mart stores. Some of the declarations included an attached DVD containing YouTube videos of several of the mass demonstrations. Wal-Mart also attached to its response leases and deeds establishing its ownership of the Wal-Mart stores and property and photographs of the posted no-solicitation signs at various Wal-Mart stores. Finally, Wal-Mart's response attached the four cease-and-desist letters sent to United Food asking that its representatives stop trespassing on Wal-Mart property. After a hearing, the trial court denied United Food's motion to dismiss under the TCPA. United Food perfected this interlocutory appeal, raising three issues challenging the trial court's denial of the motion to dismiss under the TCPA.

---

[2]The trial court denied United Food's plea to the jurisdiction, and United Food filed a petition for writ of mandamus in this court. After hearing oral argument, this court denied United Food's petition for writ of mandamus. *In re United Food & Commercial Workers Int'l Union*, No. 02-13-00434-CV, 2014 WL 670663, at *1 (Tex. App.—Fort Worth Feb. 20, 2014, orig. proceeding) (mem. op.). On March 27, 2014, United Food filed a petition for writ of mandamus in the Texas Supreme Court.

### III. TRIAL COURT PROPERLY DENIED MOTION TO DISMISS UNDER THE TCPA

In its first and second issues, United Food argues that the trial court erred by denying the motion to dismiss under section 27.005 of the TCPA.

### A. Applicable Law

The Texas Legislature enacted the TCPA "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." Tex. Civ. Prac. & Rem. Code Ann. § 27.002 (West Supp. 2013). To achieve these ends, the legislature provided that if a legal action is brought in response to a party's exercise of the right of free speech, the right to petition, or the right of association, that person may move to dismiss the action. *Id.* § 27.003(a) (West Supp. 2013). The movant bears the initial burden to show by a preponderance of the evidence that the action "is based on, relates to, or is in response to the party's exercise" of any of the aforementioned constitutional rights. *Id.* § 27.005(b). If the movant satisfies this burden, the trial court must dismiss the legal action unless the party who brought the action "establishes by clear and specific evidence a prima facie case for each essential element of the claim in question." *Id.* § 27.005(b), (c). Notwithstanding whether the previous burden is met, the trial court shall dismiss a legal action against the moving party if the moving party establishes by a preponderance of the evidence each essential element of a valid defense to the nonmovant's claim. *Id.* § 27.005(d).

5

## B. Standard of Review

We review de novo a trial court's ruling on a motion to dismiss under the TCPA. *See Rehak Creative Servs., Inc. v. Witt*, 404 S.W.3d 716, 724–27 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). Accordingly, we review de novo whether (1) the movant satisfied the initial burden imposed by section 27.005(b), (2) the nonmovant satisfied the burden imposed by section 27.005(c), and (3) the movant satisfied the burden imposed by section 27.005(d). In reviewing the trial court's determination of whether a legal action should be dismissed under subsections (c) and (d) of section 27.005, we consider the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based. *Accord* Tex. Civ. Prac. & Rem. Code Ann. § 27.006(a) (West Supp. 2013) (requiring the trial court to consider these items); *Sierra Club v. Andrews Cnty.*, 418 S.W.3d 711, 715 (Tex. App.—El Paso 2013, pet. filed).

## C. Analysis

### 1. Under Section 27.005(b)

With regard to the initial burden under section 27.005(b), we note that courts have traditionally determined that actions such as picketing and distributing handbills fall within the right of free speech or the right of association. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.005(b)(1), (3); *see, e.g., Lloyd Corp., Ltd. v. Tanner*, 407 U.S. 551, 552, 570, 92 S. Ct. 2219, 2221, 2229 (1972) (right to distribute handbills treated as First Amendment right). For purposes of this appeal only, we will assume that United Food met by a preponderance of the

6

evidence the initial burden of showing that Wal-Mart's claims against United Food constitute a legal action based on, related to, or in response to United Food's exercise of the right of free speech or the right of association so as to fall within the ambit of the TCPA. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 27.003(a), .005(b).

## 2. Under Section 27.005(c)

Assuming United Food met its burden under section 27.005(b), the burden then shifted under section 27.005(c) to Wal-Mart, as the nonmovant to United Food's motion to dismiss, to establish by clear and specific evidence a prima facie case for each essential element of trespass. *Id.* § 27.005(c). "Trespass to real property requires a showing of an unauthorized physical entry onto the plaintiff's property by some person or thing." *Cain v. Rust Indus. Cleaning Servs.*, 969 S.W.2d 464, 470 (Tex. App.—Texarkana 1998, pet. denied) (citing *R.R. Comm'n of Tex. v. Manziel*, 361 S.W.2d 560, 567 (Tex. 1962)). United Food does not dispute that its participants, for the purpose of engaging in mass demonstrations,[3] entered land that is owned or leased by Wal-Mart. Instead, United Food contends that its representatives were invitees who were authorized

---

[3]We use the term "mass demonstrations" as a shorthand to refer to all of the behavior listed above in the background section, including, but not limited to, blocking ingress and egress to parking lots, parking spaces, vehicular traffic, and store entrances; screaming through bullhorns; parading around with banners and signs on sticks; conducting in-store "flash mobs"; diverting management and local police from their normal job functions; interfering with working Wal-Mart associates; and interfering with Wal-Mart customers as they try to shop.

7

to be on Wal-Mart's property to engage in mass demonstrations because Wal-Mart's facilities are open to the public, which "is all that is required to confer invitee status on the entrant."

In determining whether a particular person is an invitee or a business visitor, "the important thing is the desire or willingness to receive that person which a reasonable man would understand as expressed by the words or other conduct of the possessor." *Carlisle v. J. Weingarten, Inc.*, 152 S.W.2d 1073, 1076 (Tex. 1941). Also, a person lawfully on the property of another as an invitee who uses the property on a venture in his own interests and not within the scope of his invitation or for the purpose for which the property was reasonably intended, loses his status as an invitee and becomes a trespasser. *Burton Constr. & Shipbuilding Co. v. Broussard*, 273 S.W.2d 598, 603 (Tex. 1954); *Mayer v. Willowbrook Plaza LP*, 278 S.W.3d 901, 909 (Tex. App.—Houston [14th Dist.] 2009, no pet.); *see also Harmon v. Gen. Motors Corp.*, 999 F.2d 964, 965–66 (5th Cir. 1993) (holding plaintiff/employee's use of hoist without General Motors's permission rendered him a trespasser even though he was an invitee as to the work he was assigned to perform).

Here, although United Food's representatives may have had invitee status when shopping in Wal-Mart, they became trespassers when they used Wal-Mart property on a venture for their own purposes. The words and conduct of the possessor—Wal-Mart—established that Wal-Mart was not inviting United Food's representatives to perform mass demonstrations in Wal-Mart stores or on Wal-

Mart property. *See Carlisle*, 152 S.W.2d at 1076. To the contrary, the declarations and exhibits attached to Wal-Mart's response to United Food's motion to dismiss along with Wal-Mart's four letters—notifying UFCW and OURWalmart that their representatives were to cease and desist from trespassing on Wal-Mart's private property in Texas and revoking any license or permission that UFCW and OURWalmart may have previously had as members of the general public to be in or on a Wal-Mart facility, sidewalk, or parking lot if they solicited, distributed literature, or otherwise engaged in any demonstration— all constitute clear and specific evidence that Wal-Mart had either not expressed or had revoked any willingness to receive United Food's representatives onto Wal-Mart properties to engage in mass demonstrations.[4] *See Burton Constr. & Shipbuilding Co.*, 273 S.W.2d at 603; *Mayer*, 278 S.W.3d at 909; *see also Harmon*, 999 F.2d at 965–66. We hold that Wal-Mart met its burden under

---

[4]United Food argues that Wal-Mart's letters were ineffective because they were addressed to UFCW and OURWalmart instead of to the individual mass demonstration participants. No evidence exists in the record that the mass demonstration participants were not affiliated with UFCW or OURWalmart. Moreover, as pointed out by Wal-Mart, all its stores had posted no-solicitation signs, putting all entrants on notice that the invitation to enter did not extend to solicitation activities. United Food also argues that because the mass demonstration participants departed with reasonable promptness after being asked to leave, they were not trespassers. The promptness of a trespasser's departure does not alter his status as a trespasser for purposes of the *civil* tort of trespass. *Compare Burton Constr. & Shipbuilding Co.*, 273 S.W.2d at 603 (stating that when a person becomes a trespasser, he remains such until he has acquired a different status), *with* Tex. Penal Code Ann. § 30.05(a)(2) (West Supp. 2013) (requiring that a person receive notice to depart in order to commit the offense of *criminal* trespass of certain types of property).

9

section 27.005(c) to establish by clear and specific evidence a prima facie case for each essential element of trespass.

### 3.  Under Section 27.005(d)

If the party opposing dismissal under the TCPA meets section 27.005(c)'s burden of establishing by clear and specific evidence a prima facie case for each essential element of the claim in question, the trial court nonetheless shall dismiss the action if the moving party establishes by a preponderance of the evidence each essential element of a valid defense to the nonmovant's claim. Tex. Civ. Prac. & Rem. Code Ann. § 27.005(d).

In its answer filed in the trial court, United Food pleaded consent as an affirmative defense to Wal-Mart's trespass claim.  *See Gen. Mills Rests., Inc. v. Tex. Wings, Inc.*, 12 S.W.3d 827, 835 (Tex. App.—Dallas 2000, no pet.) (recognizing that actual or apparent consent is an affirmative defense to a cause of action for trespass).  To establish actual or apparent consent, the Dallas Court of Appeals explained,

> Apparent consent must be given by someone acting with the authority of the landowner or one with rightful possession.  *See Armintor v. Community Hosp.*, 659 S.W.2d 86, 90 (Tex. App.—Houston [14th Dist.] 1983, no writ); *see also Carr*, 893 S.W.2d at 623 (summary judgment on issue of trespass was inappropriate unless defendants proved they received apparent consent of someone acting with authority of landowner).  Consent to enter property may be manifested by the owner's conduct or by the condition of the land itself.  *See Mellon Mortgage Co. v. Holder*, 5 S.W.3d 654, 671 (Tex. 1999) (O'Neill, J., dissenting).

*Id.*

On appeal, the consent that United Food contends its representatives possessed is the consent to enter Wal-Mart as invitees.[5]  Here, as shown by the temporary restraining order that Wal-Mart obtained in the trial court and which was continued by a temporary order from this court during the pendency of the appeal, Wal-Mart demonstrated a willingness to receive United Food's representatives for the purposes of "shopping for and/or purchasing merchandise at Walmart stores."  United Food did not present any evidence, however, showing that its representatives were on Wal-Mart's private property for the purposes of shopping for and/or purchasing merchandise at Walmart stores. Instead, Wal-Mart established by clear and specific evidence that after entering Wal-Mart's property, United Food's representatives engaged in mass demonstrations and, by doing so, used Wal-Mart property on a venture in their own interests that was not within the scope of Wal-Mart's invitation to shop at Wal-Mart and that was not for the purpose for which the Wal-Mart property was reasonably intended to be used such that United Food's representatives were trespassers.  United Food did not bring forth any evidence showing that Wal-Mart had consented to United Food's participants' presence on Wal-Mart's property for the purpose of engaging in mass demonstrations.  We hold that United Food did not meet its burden under section 27.005(d) of establishing by a preponderance

_____

[5]United Food's brief states, "As invitees, Appellants had permission to enter Appellee's property"; "[o]n every occasion that Appellants entered Appellees' property, it was done with legal authority or permission because Appellants were invitees."

11

of the evidence its consent defense. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.005(d); *accord Millmen Union, Loc. 324, AFL v. Mo.-Kan.-Tex. R.R. Co. of Tex.*, 253 S.W.2d 450, 453 (Tex. Civ. App.—Waco 1952, writ ref'd n.r.e.) (holding that picketers cannot trespass on private property of railroad).

### 4. Summary

Because Wal-Mart met its burden under section 27.005(c) and because United Food did not meet its burden under section 27.005(d), the trial court was not required to dismiss Wal-Mart's suit against United Food. We therefore hold that the trial court did not err by denying United Food's motion to dismiss under the TCPA. Based on our holding, we overrule United Food's first and second issues, and we overrule as moot United Food's third issue, which is contingent upon this court's holding that the trial court erred by denying United Food's motion to dismiss.

### IV. CONCLUSION

Having overruled each of United Food's three issues, we affirm the trial court's order denying United Food's motion to dismiss under the TCPA. We further order this court's October 22, 2013 temporary order, which continued provisions of the trial court's October 9, 2013 temporary restraining order "until disposition of this interlocutory appeal or until further order of this court," dissolved as of 5 p.m. on April 17, 2014, and we deny as moot "Appellants' Motion For Expedited Reconsideration Of Temporary Order."

12

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  LIVINGSTON, C.J.; GARDNER and WALKER, JJ.

DELIVERED:  April 17, 2014