

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 02-14-00074-CV**

GAIL RIGSBY                                    APPELLANT AND APPELLEE

V.

EECU                                           APPELLEE AND APPELLANT

----------

## FROM THE 236TH DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 236-265926-13

----------

## MEMORANDUM OPINION[1]

----------

Appellant and Cross-Appellee Gail Rigsby appeals the trial court's judgment granting Appellee and Cross-Appellant EECU's motion to dismiss filed pursuant to the Texas Citizens' Participation Act (TCPA). *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.005 (West 2015). EECU appeals the same judgment,

---

[1]*See* Tex. R. App. P. 47.4.

arguing that the trial court should have granted part of the motion to dismiss on different grounds. We will affirm in part and reverse and remand in part.

EECU is a member-owned Texas financial institution that offers its products and services to individuals who live or work in several north Texas counties. Rigsby began working for EECU in 2005. In 2012, she occupied the position of Branch Relationship Manager for EECU's Arlington branch.

On May 11, 2012, members of EECU's executive team interviewed Rigsby as part of an internal investigation involving irregularities with one of the financial products that it offers at its Arlington branch—the "First-Time Car Buyer Program." Several days later, on May 15, 2012, EECU terminated Rigsby's employment.

Rigsby filed her original petition against EECU on May 15, 2013. Claiming that EECU had accused her of (i) engaging in fraud in regard to the car-buyer program, (ii) violating federal law (the Graham-Leach Bliley Act), and (iii) failing to protect sensitive client information, Rigsby alleged claims against EECU for defamation, intentional infliction of emotional distress, negligence, and gross negligence and sought exemplary damages. EECU generally denied Rigsby's allegations, pleaded affirmative defenses, and filed a motion to dismiss the claims under the TCPA. EECU's motion to dismiss argued that each of Rigsby's claims were based on, related to, or were in response to EECU's exercise of its right to free speech; that Rigsby could not establish by clear and specific evidence a prima facie case for the elements of each claim; and that EECU had

established a valid defense—statute of limitations—to the defamation claim.  The trial court granted EECU's motion to dismiss, finding "that [Rigsby's] claims are time-barred by the applicable Statute of Limitations."

In her first issue, Rigsby argues that the trial court erroneously dismissed her defamation claim as time-barred because she filed it timely and did not unreasonably delay serving EECU.  EECU responds that the trial court properly dismissed Rigsby's defamation claim because she did not exercise diligence in effecting service.  We limit our analysis to whether Rigsby diligently served EECU.

The legislature enacted the TCPA "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury."  Tex. Civ. Prac. & Rem. Code Ann. § 27.002 (West 2015). To achieve these ends, the legislature provided that if a legal action is brought in response to a party's exercise of the right of free speech, the right to petition, or the right of association, that person may move to dismiss the action. *Id.* § 27.003(a) (West 2015).  The movant bears the initial burden to show by a preponderance of the evidence that the action "is based on, relates to, or is in response to the party's exercise" of any of the aforementioned constitutional rights.  *Id.* § 27.005(b).  If the movant satisfies this burden, the trial court must dismiss the legal action unless the party who brought the action "establishes by

3

clear and specific evidence a prima facie case for each essential element of the claim in question." *Id.* § 27.005(b), (c). Notwithstanding whether the previous burden is met, the trial court shall dismiss a legal action against the moving party if the moving party establishes by a preponderance of the evidence each essential element of a valid defense to the nonmovant's claim. *Id.* § 27.005(d).

The trial court found that Rigsby's defamation claim was barred by limitations, as affirmatively pleaded by EECU; the trial court therefore determined that EECU met its burden under section 27.005(d). *See id.* We review the trial court's ruling de novo. *See United Food & Commercial Workers Int'l Union v. Wal-Mart Stores, Inc.*, 430 S.W.3d 508, 511 (Tex. App.—Fort Worth 2014, no pet.).

To "bring suit" for defamation within the one-year limitations period prescribed by civil practice and remedies code section 16.002(a), a plaintiff must not only file suit within the applicable limitations period, she must also use diligence to have the defendant served with process. Tex. Civ. Prac. & Rem. Code Ann. § 16.002(a) (West 2002); *see Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990); *Slagle v. Prickett*, 345 S.W.3d 693, 696–97 (Tex. App.—El Paso 2011, no pet.). When a plaintiff files a petition within the limitations period but does not serve the defendant until after the statutory period has expired, the date of service relates back to the date of filing if the plaintiff exercised diligence in effecting service. *Gant*, 786 S.W.2d at 260.

4

When a defendant has affirmatively pleaded the defense of limitations and shown that service was obtained after limitations expired, the burden shifts to the plaintiff to explain the delay. *Proulx v. Wells*, 235 S.W.3d 213, 216 (Tex. 2007) (reasoning that plaintiff must present evidence of efforts she made to serve the defendant and explain every lapse in effort or period of delay). In assessing diligence, the relevant inquiry is whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent in effecting service up until the time the defendant was served. *Id.* If no excuse is offered for a delay, lack of diligence will be found as a matter of law. *Gant*, 786 S.W.2d at 260; *James v. Gruma Corp.*, 129 S.W.3d 755, 759–60 (Tex. App.—Fort Worth 2004, pet. denied).

The record demonstrates that Rigsby filed her original petition on May 15, 2013, and that citation issued the next day. Rigsby served EECU's President with the petition three months later, on August 14, 2013, but the service was improper because the President was not EECU's registered agent for service. On September 9, 2013, EECU notified Rigsby of the error by letter, and on November 4, 2013, the parties filed a joint motion to quash the citation served on EECU's President. On November 8, 2013, the trial court granted the motion to quash and ordered that EECU be served as of November 8, 2013. Rigsby's entire argument on the diligence issue is as follows:

> Here, EECU had possession of Mrs. Rigsby's lawsuit three
> months after citation issued, and Mrs. Rigsby affected service on
> EECU less than six months after filing suit. During this time,

5

Mrs. Rigsby was in contact with EECU regarding the lawsuit. Mrs. Rigsby's delay does not rise to the level of delay that conclusively negates diligence as a matter of law. Even assuming that this delay in service was fatal to Mrs. Rigsby's defamation claim (which it is not), Mrs. Rigsby's intentional infliction of emotional distress and negligence claims were filed and served within the two year statute of limitations. At the very least, the Trial Court's dismissal of these claims as time-barred is clearly reversible error. [Footnote and record references omitted.]

Even if we assume that the August 14, 2013 service on EECU's President was proper, Rigsby has offered absolutely no explanation for the three-month delay in service between May 15, 2013, and August 14, 2013. Consequently, Rigsby failed to exercise diligence in serving EECU as a matter of law. *See Ashley v. Hawkins*, 293 S.W.3d 175, 180–81 (Tex. 2009) (concluding that plaintiff who gave no explanation for delay in service failed to exercise diligence as a matter of law); *Gant*, 786 S.W.2d at 260 (same); *see also Boyattia v. Hinojosa*, 18 S.W.3d 729, 734 (Tex. App.—Dallas 2000, pet. denied) ("We conclude Boyattia's failure to act during the clerk's three-month delay constitutes a lack of diligence as a matter of law."); *Holt v. D'Hanis State Bank*, 993 S.W.2d 237, 241 (Tex. App.—San Antonio 1999, no pet.) (holding that unexplained three-month delay in service constituted lack of diligence as a matter of law). We hold that the trial court did not err by granting EECU's motion to dismiss Rigsby's defamation claim on the limitations defense. We overrule Rigsby's first issue.

Rigsby argues in her second and third issues that the trial court erred by dismissing her non-defamation claims—intentional infliction of emotional distress, negligence, and gross negligence—as time-barred. EECU argues in what we

6

construe to be its only cross-issue that the trial court erred by dismissing Rigsby's non-defamation claims on limitations grounds rather than on the independent grounds that it advanced in its motion to dismiss. As EECU correctly points out, it never sought to dismiss Rigsby's non-defamation claims for failure to comply with the applicable statute of limitations. Therefore, the trial court erred by dismissing Rigsby's non-defamation claims on a ground that EECU never asserted. EECU argues that it is entitled to prevail on its TCPA motion to dismiss and to recover attorneys' fees and costs, and it asks us to affirm the dismissal for the reasons set forth in its brief and motion, but the trial court should have an opportunity to consider EECU's asserted grounds for dismissal before this court does, as EECU alternatively prays. We sustain EECU's cross-issue in part and overrule Rigsby's second and third issues as moot.

Having sustained EECU's cross-issue in part, we reverse the trial court's judgment insofar as it dismisses Rigsby's intentional infliction of emotional distress, negligence, and gross negligence claims and remand this case to the trial court to consider EECU's motion to dismiss those claims for the reasons advanced in EECU's motion to dismiss. Having overruled Rigsby's first issue, we affirm the trial court's judgment dismissing Rigsby's defamation claim.

/s/ Bill Meier

BILL MEIER
JUSTICE

7

PANEL:  DAUPHINOT, GARDNER, and MEIER, JJ.

DELIVERED:  April 2, 2015