

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00046-CV

_____


EDDIE ANTHONY PATTERSON, Appellant

V.

T.V. CHANNEL 25 BROADCAST STATION AND
ITS REPORTER ON MARCH 29, 2010;
1909 S NEW ROAD, WACO, TEXAS 76711, Appellees


On Appeal from the 170th District Court
McLennan County, Texas
Trial Court No. 2015-905-4


Before Morriss, C.J., Moseley and Burgess, JJ.
Opinion by Justice Burgess

OPINION

Eddie Anthony Patterson sued Centex Television Limited Partnership (Centex)[1] in McLennan County,[2] Texas, alleging that the television station had defamed him by broadcasting a report that he had raped a woman.[3] Centex answered and filed a motion to dismiss plaintiff's petition. Patterson filed a motion asking the trial court to appoint him legal counsel. The trial court denied Patterson's motion, granted Centex's motion, and dismissed the case.

On appeal, Patterson contends that the trial court erred (1) in denying his motion because he was entitled to appointed counsel and (2) in granting Centex's motion because (a) he made a prima facie case of defamation and (b) this suit was supplemental to his original, timely filed action.

We affirm the trial court's judgment because Patterson's cause of action was barred by the statute of limitations. Because Patterson's second point of error is dispositive of the appeal, we address it first.

---

[1]Patterson's lawsuit incorrectly named the defendant as "TV Channel 25 Broadcast Station and Its reporter on March 29, 2015." Centex answered Patterson's complaint in the trial court, effectively admitting that it was the proper party; however, the style of the case was never corrected in the trial court.

[2]Originally appealed to the Tenth Court of Appeals in Waco, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Tenth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[3]Patterson also alleged violations of his constitutional rights, but Patterson abandoned those claims on appeal, stating, "All Claims For CONSTITUTIONAL VIOLATIONS are No Longer PaRT [sic] of This Lawsuit."

2

## I.   Factual Background

On March, 29, 2010, as part of a plea bargain agreement, Patterson pled guilty to aggravated kidnapping. He was not charged with rape and did not plead guilty thereto. His judicial confession acknowledged and admitted that

> [he] did then and there intentionally or knowingly, with the intent to inflict bodily injury on [the victim] or terrorize [the victim], intentionally or knowingly abduct [the victim] by restricting [her] movements . . . without her consent so as to interfere substantially with her liberty by moving her from one place to another or confining her, with the intent to prevent her liberation, by secreting or holding her in a place where she was not likely to be found.

That same day, Centex broadcast a story on television stating that Eddie Patterson would "serve eight years in prison after pleading guilty to kidnapping and raping a woman." When the same story was broadcast later in the day, it stated only that Patterson would "spend 8 years behind bars for kidnapping a woman" to whom he gave a ride. However, all of the reports Centex aired on March 29, 2010, stated, "Police say Patterson took [the victim] to a secluded area and raped her."

About five years later, Patterson sued Centex, alleging that the television station had defamed him by incorrectly reporting that he raped a woman. Centex answered and, based in part on the Texas Citizens Participation Act (TCPA), filed a motion to dismiss Patterson's suit, arguing that Patterson failed to state a prima facie case of defamation and that his claims were barred by the statute of limitations. Patterson subsequently filed a motion asking the trial court to appoint him legal counsel. Because Patterson was unable to attend the statutory hearing on Centex's motion, the trial court gave him "an opportunity to respond by sending . . . a written brief describing [his] position on" Centex's motion to dismiss. After Patterson filed a written reply to the motion,

3

the trial court denied Patterson's motion for appointed counsel and granted Centex's motion to dismiss Patterson's cause of action.

## II.    Did the trial court err in granting the motion to dismiss?

In his second point of error, Patterson claims, in pertinent part, that the trial court erred in dismissing his lawsuit under the TCPA because he made a prima facie case of defamation and because this suit was supplemental to his original, timely filed action.

The TCPA, codified in Chapter 27 of the Civil Practice and Remedies Code, protects citizens and entities from retaliatory lawsuits that seek to intimidate or silence them on matters of public concern.  TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–.011 (West 2015); *see In re Lipsky*, 460 S.W.3d 579, 586 (Tex. 2015) (orig. proceeding).  Its purpose is to identify and summarily dispose of lawsuits designed to chill First Amendment rights, not to dismiss meritorious lawsuits.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.002.

Under the TCPA's dismissal process, the initial burden is on the defendant-movant to show by a preponderance of the evidence that the plaintiff's claim "is based on, relates to, or is in response to the [movant's] exercise of," among other things, the right of free speech.[4]  TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b).  If the movant satisfies this burden, the burden shifts to the plaintiff to establish "by clear and specific evidence a prima facie case for each essential element of the claim in question."  TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c).  Even if the plaintiff meets his burden, the trial court must dismiss the plaintiff's action if the defendant-movant

---

[4]As Patterson does not challenge the trial court's implied finding on this issue, we do not address this issue. *See* TEX. CIV. PRAC. & REM. CODE ANN § 27.005(b).

"establishes by a preponderance of the evidence each essential element of a valid defense" to the plaintiff's claim. TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(d).

We conduct a de novo review of a trial court's ruling on a motion to dismiss under the TCPA. *See D Magazine Partners, L.P. v. Rosenthal*, 475 S.W.3d 470, 479 (Tex. App.—Dallas 2015, pet. filed); *United Food & Commercial Workers Int'l Union v. Wal-Mart Stores, Inc.*, 430 S.W.3d 508, 511 (Tex. App.—Fort Worth 2014, no pet.). We "consider the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based." TEX. CIV. PRAC. & REM. CODE ANN. § 27.006(a) (West 2015).

Assuming, without deciding, that Patterson established by clear and specific evidence a prima facie case of defamation, the trial court correctly dismissed his cause of action because Centex established by a preponderance of the evidence that Patterson's claim was barred by the statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(d) (if movant proves defense to plaintiff's claim, trial court shall dismiss the action "[n]otwithstanding the provisions of Subsection (c)"). The statute of limitations applicable to defamation, whether slander or libel, is one year. TEX. CIV. PRAC. & REM. CODE ANN. § 16.002(a) (West 2002). The passing of the statute of limitations depends on when the claimant's cause of action accrued. Generally, a defamation claim accrues when the matter is published or circulated. *Roe v. Walls Reg'l Hosp., Inc.*, 21 S.W.3d 647, 651 (Tex. App.—Waco 2000, no pet.).

The facts of the case are largely undisputed. The allegedly defamatory report was broadcast on March 29, 2010. However, Patterson did not file suit until March 13, 2015, long after the one-year statute of limitations had expired. Patterson argues that he originally, and timely,

5

filed suit against Centex in the United States District Court for the Western District of Texas on February 22, 2012, but "[u]pon being [c]orrected as to the [p]roper [j]urisdiction," he filed this action in McLennan County as a supplemental pleading.[5]  As best we can discern from a liberal interpretation of Patterson's argument, he contends that his filing of this lawsuit in federal court tolled the statute of limitations.  However, Patterson fails to cite any authority to support that proposition, and we are aware of none.  Moreover, even if Patterson's factual allegations are accepted as "true," he failed to file his suit in federal court within one year of March 29, 2010, and therefore, his claim is barred by the statute of limitations.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.002(a); *see also Roe*, 21 S.W.3d at 651.

Having considered the pleadings and supporting and opposing affidavits, we find that the trial court properly granted Centex's motion to dismiss.  *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.005(d); 27.006(a).[6]  Accordingly, we overrule this point of error and affirm the trial court's order.  Because our ruling on this point of error is dispositive, we need not address Patterson's first point of error.

Ralph K. Burgess
Justice

Date Submitted:     January 26, 2016
Date Decided:       April 27, 2016

---

[5]Patterson failed to include copies of the federal court pleadings in his response to Centex's motion to dismiss, and they do not appear in the record, but in a show of admirable candor, Centex included file-stamped copies of the federal pleadings.  However, in conducting our review, we may consider only the evidence presented to the trial court.

[6]Patterson's action was dismissed pursuant to Section 27.005 of the Texas Civil Practice and Remedies Code and is not to be construed as a dismissal for failure to state a claim.