

# COURT OF APPEALS

### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-17-00411-CV

IAN GHRIST; GHRIST LAW FIRM,                    APPELLANTS
PLLC; SHAWN COKER;
NEIGHBORHOOD PARTNER, INC.;
BLUE MOON REALTY GROUP,
LLC; AND WIZARD FUNDING, LLC

V.

MBH REAL ESTATE LLC, AFI                        APPELLEES
LOAN SERVICING, LLC, ANSON
FINANCIAL, INC., J. MICHAEL
FERGUSON, P.C.

----------

### FROM THE 236TH DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 236-295012-17

----------

## MEMORANDUM OPINION[1]

----------

In eight issues,[2] Appellants Ian Ghrist and Ghrist Law Firm, PLLC (the

Ghrist Defendants) and Shawn Coker, Neighborhood Partner, Inc., Blue Moon

---

[1]*See* Tex. R. App. P. 47.4.

Realty Group, LLC, and Wizard Funding, LLC (the Coker Defendants) bring this interlocutory appeal of the trial court's denial of their chapter 27 motion to dismiss the lawsuit brought against them by Appellees MBH Real Estate LLC, AFI Loan Servicing, LLC, Anson Financial, Inc., and J. Michael Ferguson, P.C. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 27.001–.011 (West 2015), § 51.014(a)(12) (West Supp. 2017). We affirm in part and reverse in part the trial court's order and remand this case to the trial court for further proceedings.

## I. The Anti-SLAPP Statute

Civil practice and remedies code chapter 27—the Texas Citizens Participation Act (TCPA)—protects citizens from retaliatory lawsuits that seek to intimidate or silence them on matters of public concern, i.e., "Strategic Lawsuit[s] Against Public Participation" or "SLAPP" suits, by providing a mechanism for summary disposition of such suits. *In re Lipsky*, 460 S.W.3d 579, 584 (Tex. 2015) (orig. proceeding) (citing Tex. Civ. Prac. & Rem. Code Ann. §§ 27.001–.011); *Schofield v. Gerda*, No. 02-15-00326-CV, 2017 WL 2180708, at *10 (Tex. App.—Fort Worth May 18, 2017, no pet.) (mem. op.); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 27.002. The statute's purpose is to identify and summarily dispose of lawsuits designed to chill First Amendment rights, while at the same

---

[2]In their brief, Appellants identify twenty arguments in their table of contents but only eight issues in the "Issues Presented" section. We will address only the arguments necessary to decide the eight issues identified in the "Issues Presented" section. *See* Tex. R. App. P. 47.1 (stating that the court must hand down an opinion that is as brief as practicable but that addresses every issue raised and necessary to the final disposition of the appeal).

time protecting the rights of a person to file a meritorious lawsuit. *Lipsky*, 460 S.W.3d at 589 (citing Tex. Civ. Prac. & Rem. Code Ann. § 27.002).

Summary disposition is achieved through the TCPA's provision for the expedited dismissal of lawsuits. The statute permits a defendant, within 60 days of service of the lawsuit, to seek dismissal of the lawsuit by challenging the plaintiff to show prima facie evidence to support his claim. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 27.003, .005. The movant is entitled to an expedited hearing and, if ultimately successful on the motion, an award of court costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action. *Id.* §§ 27.004, .009; *Sullivan v. Abraham*, 488 S.W.3d 294, 295 (Tex. 2016).

Dismissal under the TCPA involves a two-step process. First, the defendant-movant has the burden to show by a preponderance of the evidence that the plaintiff's claim "is based on, relates to, or is in response to [the movant's] exercise of: (1) the right of free speech; (2) the right to petition; or (3) the right of association." Tex. Civ. Prac. & Rem. Code Ann. § 27.005(b); *Schofield*, 2017 WL 2180708, at *10. If the movant satisfies this burden, then the burden shifts to the plaintiff-respondent to establish "by clear and specific evidence a prima facie case for each essential element of the claim in question." Tex. Civ. Prac. & Rem. Code Ann. § 27.005(c). The clear and specific evidentiary standard may be satisfied by direct or circumstantial evidence. *See Hand v. Hughey*, No. 02-15-00239-CV, 2016 WL 1470188, at *4 (Tex. App.—Fort

3

Worth Apr. 14, 2016, no pet.) (mem. op.) (explaining that the clear and specific standard "'neither imposes a heightened evidentiary burden nor categorically rejects the use of circumstantial evidence when determining the plaintiff's prima-facie-case burden under the Act'" (quoting *Andrews Cty. v. Sierra Club*, 463 S.W.3d 867, 867 (Tex. 2015))).

## II.  Standard of Review

We are directed to construe the statute "liberally to effectuate its purpose and intent fully," *see Hotchkin v. Bucy*, No. 02-13-00173-CV, 2014 WL 7204496, at *1 (Tex. App.—Fort Worth Dec. 18, 2014, no pet.) (mem. op.) (citing Tex. Civ. Prac. & Rem. Code Ann. § 27.011(b)), and we review de novo a trial court's denial of a motion to dismiss under the TCPA.  *Hand*, 2016 WL 1470188, at *3 (citing *United Food & Commercial Workers Int'l Union v. Wal-Mart Stores, Inc.*, 430 S.W.3d 508, 511 (Tex. App.—Fort Worth 2014, no pet.)).  In our de novo review, we consider the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based.  Tex. Civ. Prac. & Rem. Code Ann. § 27.006(a).

## III.  The Underlying Claims

In their original petition, Appellees brought an assortment of legal claims against various Appellants, including negligence, gross negligence, breach of fiduciary duty, conversion, civil conspiracy, violations of chapter 17 of the Texas Business and Commerce Code (the Deceptive Trade Practices-Consumer Protection Act (DTPA)), violations of chapter 12 of the Texas Civil Practice and

4

Remedies Code ("Liability Related to a Fraudulent Court Record or a Fraudulent Lien or Claim Filed Against Real or Personal Property"), defamation per se, and a suit for declaratory relief under chapter 37 of the Texas Civil Practice and Remedies Code (Uniform Declaratory Judgments Act).[3] In response, Appellants filed a joint motion to dismiss and a brief in support thereof.[4]

Although Appellants' motion is confusing and fraught with mistakes and typographical errors,[5] taking both the motion and brief together, it is clear that

---

[3]Appellees brought claims for fraudulent filing, conversion, and conspiracy to commit fraud against both the Ghrist Defendants and the Coker Defendants, as well as Sendera Title and its employees (the Sendera Defendants), based on a release of judgment drafted by Ghrist and signed by the Coker Defendants and based on a release of lien drafted by Ghrist. They also sued both the Ghrist Defendants and the Coker Defendants for a declaratory judgment that the release of judgment and release of lien were fraudulent and void.

Appellees sued the Ghrist Defendants for breach of fiduciary duty based on alleged conflicts of interest in the Ghrist Defendants' actions as a court-appointed receiver, for libel per se based on a February 6, 2017 letter from Ghrist to a third party, and for DTPA violations based on false and misleading statements by Ghrist to Appellees and to third parties with regard to the Ghrist Defendants' authority to sign the release of lien. They brought breach of fiduciary duty and DTPA claims against the Sendera Defendants, in addition to claims for negligence and gross negligence against the Sendera Defendants.

[4]The Sendera Defendants did not join in the chapter 27 motion to dismiss filed by the Ghrist and Coker Defendants. Despite the Sendera Defendants' lack of participation, however, Appellants sought to dismiss the entire action. Appellees pointed out in their response to Appellants' chapter 27 motion that Appellants had no authority to assert their motion on behalf of the remaining defendants.

[5]For example, in their prayer for relief, Appellants—the defendants in the underlying action—erroneously referred to themselves as "plaintiffs," misstating their own position:

Appellants took the position that all of Appellees' causes of action somehow related to statements to which the TCPA applied and that, therefore, the trial court should dismiss all causes of action and the case in its entirety. This is also Appellants' position on appeal.

## IV. Dismissal of Claims

In their first issue, Appellants query, "Should any of [Appellees'] claims have been dismissed pursuant to Chapter 27 of the Texas Civil Practice and Remedies Code?"[6] Given the argument that follows, we take this as a contention that the trial court erred by denying Appellants' motion to dismiss in its entirety. *See* Tex. R. App. P. 38.9. For convenience and expediency in analyzing this

---

WHEREFORE, PREMISES CONSIDERED, **Plaintiffs** respectfully request the following relief:

a. The **Defendants** cannot meet their burden of presenting by clear and specific evidence a prima facie case of each essential element of the **Defendants' counterclaims** in question and the **Plaintiffs** have shown by a preponderance of the evidence each essential element of a valid affirmative defense to the counterclaims. Accordingly, the Court should dismiss with prejudice the Plaintiff's case . . . .
b. Wherefore, **Plaintiffs** request that this Court set this Motion for hearing on or before the 60th day after the filing of this Motion, as required by Tex. Civ. Prac. & Rem. Code Ann. § 27.004(a), and that after such hearing, **the causes of action alleged in Defendants' counterclaims be dismissed** . . . .
c. **Plaintiffs** further request that the Court grant them such other and further relief to which they may be justly entitled. [Emphasis added.]

[6]In their third issue, Appellants ask a related question, "Did Defendants[] meet their initial burden of showing that the action was based on, relates to, or is in response to the party's exercise of the right of free speech, the right to petition, or the right of association?"

6

issue, we separate out the cause of action for defamation per se and discuss it apart from the remaining causes of action applicable to Appellants.

## A. Defamation Per Se Action

Appellees sued the Ghrist Defendants for statements made in a February 6, 2017 letter from Ghrist to Elmer Hernandez,[7] which Appellees claim were defamatory per se.[8]  In particular, Appellees claim that in the following excerpt from the letter, the Ghrist Defendants "published false statements that [Appellees] were misappropriating client funds":

> I saw your affidavit in the Motion to Expunge Notice of Lis Pendens. The lis pendens will not interfere with the closing on your property at 2420 Purselley Drive, Fort Worth, Texas. Anson Financial aka AFI Mortgage and MBH Real Estate LLC are defendants in a lawsuit involving misappropriation of funds of MBH Real Estate LLC. If you make a payment to Anson Financial aka AFI Mortgage, or to any entity owned by or controlled by J. Michael Ferguson, then your funds may not be remitted correctly to the members of MBH Real Estate, LLC.
>
> The payoff amount for your lien can be deposited to the registry of the Court under Cause No. 017-287611-16, *Ghrist Law Firm PLLC v. Ferguson et[] al.*, 17th Judicial District Court, Tarrant County, Texas. Upon deposit, you will receive a Partial Release of Lis Pendens for 2420 Purselley Drive, along with a Release of Lien from MBH Real Estate LLC. Anson Financial dba AFI Mortgage should be able to provide you with the payoff quote. If they fail to do so, then let me

---

[7]Hernandez is a real estate investor who needed a lis pendens removed so that he could close the sale of a house; the buyer of the house sought to acquire title insurance from the Sendera Defendants.

[8]Defamation per se involves statements that are "so obviously hurtful to a plaintiff's reputation that the jury may presume general damages," and generally includes statements that injure a person in his "office, profession, or occupation." *Hancock v. Variyam*, 400 S.W.3d 59, 63–64 (Tex. 2013).

7

know and I will do my best to accommodate you. However, Anson Financial dba AFI should not collect any funds. The lis pendens will not interfere with your closing, but J. Michael Ferguson should not collect the money, either personally or through any entities that he is affiliated with, because he is the Defendant in a lawsuit involving the misappropriation of funds related to MBH Real Estate LLC, your lender. Instead, the money should be deposited into the registry of the 17th Judicial District Court of Tarrant County, Texas. The Judge of the 17th District Court of Tarrant County, Texas will decide how to distribute the payoff funds. Your ownership of the property is not affected by the lawsuit and you will receive a Partial Release of Lis Pendens and a Release of Lien upon deposit of the payoff funds into the Court's registry.

To be entitled to dismissal of Appellees' claim for defamation per se, Appellants were required to show, by a preponderance of the evidence, that Appellees' claim "is based on, relates to, or is in response to [the Ghrist Defendants'] exercise of: (1) the right of free speech; (2) the right to petition; or (3) the right of association." *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.005(b). Because the TCPA defines "exercise of the right to petition" to include both "a communication in or pertaining to . . . a judicial proceeding" and "a communication in connection with an issue under consideration or review by a . . . judicial . . . body," and, on its face this letter was written about a matter connected with a lawsuit pending in the 17th Judicial District Court of Tarrant County, Appellants satisfied this requirement. *See id.* § 27.001(4)(A)(i), (4)(B). At that point, the burden shifted to Appellees to establish "by clear and specific evidence a prima facie case for each essential element of the claim." *Id.* § 27.005(c).

8

The elements of a defamation action include (1) the publication of a false statement of fact to a third party, (2) that was defamatory concerning the plaintiff, (3) with the requisite degree of fault, and (4) damages. *Lipsky*, 460 S.W.3d at 593. To prove a defamation per se claim, a party must only prove the first three elements because the statements in a defamation per se action are considered so obviously harmful that the fourth element—damages, such as mental anguish and loss of reputation—is presumed. *Id.* at 596; *see Hancock*, 400 S.W.3d at 64 (describing defamation per se statements as those that injure a person in his "office, profession, or occupation"). Therefore, to determine whether Appellees' defamation per se action should survive Appellants' motion to dismiss, we look for clear and specific evidence only as to the first three elements.

As to the first element—the publication of a false statement to a third party—Appellees offered no evidence that any statement in the letter was a false statement of fact. Further, they do not dispute that they were defendants in a lawsuit that "involved" misappropriation of funds of MBH. Thus, the statements in the letter to that effect were not false.

Second, as to the three other potentially defamatory statements, "If you make a payment to [Anson], or to any entity owned by or controlled by [Ferguson], then your funds may not be remitted correctly," "[Anson] should not collect any funds," and "[Ferguson] should not collect the money," taken in context, these statements are not actionable. As the supreme court has recently explained,

9

> "Meaning is the life of language." Thus, the first question in a libel action is whether the words used are "reasonably capable of defamatory meaning." Meaning is a question of law. In answering it, the "inquiry is objective, not subjective." We note that the question involves two independent steps. The first is to determine whether the meaning the plaintiff alleges is reasonably capable of arising from the text of which the plaintiff complains. The second step is to answer whether the meaning—if it is reasonably capable of arising from the text—is reasonably capable of defaming the plaintiff.

*Dallas Morning News, Inc. v. Tatum*, No. 16-0098, 2018 WL 2182625, at *4 (Tex. May 11, 2018) (citations omitted).

Applying the two-prong test as set forth by the supreme court, the answer to the first question here is "no." *See id.* The gist of the letter merely advised that Appellants had filed a lawsuit accusing Appellees of misappropriating funds, and therefore the question of ownership of the funds was subject to a legal dispute. Further, the letter cautioned that because the question of ownership of the funds would ultimately be determined by the court, Hernandez should not remit funds directly to Appellees but rather pay them into the registry of the court. The letter implicitly informed Hernandez that the court would determine whether monies had been misappropriated by explicitly clarifying that the court, not the parties, would determine which party was entitled to the funds in question: "Instead, the money should be deposited into the registry of the 17th Judicial District Court of Tarrant County, Texas. The Judge of the 17th District Court of Tarrant County, Texas will decide how to distribute the payoff funds."

Because the gist of the letter was not defamatory as a matter of law, Appellees could not—and did not—show by clear and specific evidence a prima

facie case for this essential element of the defamation action.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.005(c).  Thus, the trial court erred by denying Appellants' motion to dismiss on this claim.  We sustain this portion of Appellants' first issue.

## B. Remaining Causes of Action

As to the remaining causes of action listed in Appellants' motion that applied to Appellants (and not to the Sendera Defendants, who did not join the motion)—breach of fiduciary duty, conversion, civil conspiracy, violations of the DTPA and the fraudulent filing statute, and the suit for declaratory relief—Appellants wholly failed to establish through pleadings or proof that any of these causes of action were in any way related to the exercise of (1) the right of free speech; (2) the right to petition; or (3) the right of association.[9]  *Hersh v. Tatum*,

---

[9]Appellants seem to argue that because they showed that one of their causes of action fell within the ambit of the TCPA, *ipso facto* all of Appellees' other causes of action—even if not based upon the exercise of the right of free speech, the right to petition, or the right of association—did so as well because they were somehow "related" to the defamation action.  However, we have rejected this wholesale approach to the application of the TCPA when the causes of action do not involve alleged communications.  *See Rauhauser v. McGibney*, 508 S.W.3d 377, 390 (Tex. App.—Fort Worth 2014, no pet.) (holding that to the extent that party's claims were not based on alleged communications, movant had "failed to meet his section 27.005(b) burden to obtain dismissal under the TCPA of those claims"), *disapproved of on other grounds by Hersh*, 526 S.W.3d at 470; *see also* Tex. Civ. Prac. & Rem. Code Ann. § 27.001(1)–(4) (defining the rights of association and free speech and to petition as related to a "communication," and defining "communication" as including "the making or submitting of a statement or document in any form or medium, including oral, visual, written, audioviosual, or electronic"); *Elite Auto Body LLC v. Autocraft Bodywerks, Inc.*, 520 S.W.3d 191, 207 (Tex. App.—Austin 2017, pet. dism'd) ("The district court did not err by failing to dismiss Autocraft's claims *to the extent*

526 S.W.3d 462, 467 (Tex. 2017) (holding that "the court shall consider the pleadings as well as affidavits" in determining whether the action is covered by the TCPA (internal quotations and emphasis omitted)); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 27.005(b) (requiring movant to show "by a preponderance of the evidence that the legal action is based on, relates to, or is in response to the party's exercise of:  (1) the right of free speech; (2) the right to petition; or (3) the right of association").   Having failed to meet the threshold evidentiary requirement for filing a motion to dismiss under the TCPA as to these causes of action, the burden never shifted to Appellees to produce any evidence to support any of these claims, and the trial court did not err by denying the motion.[10]  Thus,

---

*they are predicated factually on conduct by appellants that does not constitute 'communications' as defined by the TCPA . . . .*" (emphasis added)).  Each cause of action stands or falls on its own merit; there is no bootstrapping effect for other causes of action that do not meet the criteria set forth in the statute.

[10]As to Appellees' fraudulent filing claims, Appellants argue that this was based on a release of judgment and a release of lien.  Appellants argue that the releases were documents submitted for recording, "thus, making them communications under the TCPA," and that they were an exercise of free speech because they were made in connection with a matter of public concern with regard to property title.  But the statute does not define "matter of public concern" to include disputes over title to property.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.001(7) (defining "matter of public concern" as "an issue related to (A) health or safety; (B) environmental, economic, or community well-being; (C) the government; (D) a public official or public figure; or (E) a good, product, or service in the marketplace").  And Appellants offer no compelling argument or evidence to indicate how the documents at issue fell within any of the five categories included within the statutory definition.

we overrule Appellants' third issue and the remaining portion of Appellants' first issue.[11]

### V. Evidentiary Rulings

In their seventh and eighth issues, Appellants challenge the trial court's order sustaining Appellees' objections to Appellants' motion to dismiss. Appellants frame the issue thusly: If the trial court's order was "meant to sustain [Appellees'] extremely voluminous evidentiary objections filed on the day of the hearing and not discussed at the hearing," then "should any of those objections have been sustained?" They raise three arguments: (1) that a global ruling sustaining all objections does not suffice as a ruling on each individual objection, (2) that every evidentiary objection was groundless and should have been overruled, and (3) that Appellants should have been given an opportunity to cure the evidentiary defects.[12]

For purposes of our discussion here, we assume, without holding, that every evidentiary objection was groundless and should have been overruled. But even after considering all of the evidence before us, we conclude that Appellees

---

[11]Based on our disposition of Appellants' first and third issues, we need not discuss or reach Appellants' second, fourth, and fifth issues, in which Appellants asked us to address whether any of Appellees' claims were exempt from chapter 27; whether Appellees established each essential element of their claims by clear and specific evidence; and whether Appellants established any affirmative defenses by a preponderance of the evidence. *See* Tex. R. App. P. 47.1.

[12]Because we resolve Appellants' seventh and eighth issues on their second argument, we need not reach their remaining two arguments. *See* Tex. R. App. P. 47.1.

13

still failed to show by clear and specific evidence that any of the statements in the allegedly defamatory letter were false and that Appellants failed to establish that any of the remaining causes of action against them were in any way related to the underlying allegedly defamatory letter or otherwise related to the exercise of (1) the right of free speech; (2) the right to petition; or (3) the right of association. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.003(a). Thus, even if the trial court's order is interpreted to sustain all of the evidentiary objections, and even if we further indulge the assumption that the trial court's ruling was erroneous, the result nonetheless is the same—the trial court erred by failing to grant the motion to dismiss as to the defamation claim but did not err by denying the motion as to the remaining causes of action against Appellants.[13] We overrule Appellants' seventh and eighth issues.

## VI. Additional Findings

In their sixth issue, Appellants challenge the trial court's finding that their motion to dismiss was "frivolous or solely intended to delay." These findings mirror those permitted under section 27.009(b):

> (b) If the court finds that a motion to dismiss filed under this chapter is frivolous or solely intended to delay, the court may award court costs and reasonable attorney's fees to the responding party.

*Id.* § 27.009(b).

---

[13]In its order, trial court stated that "[p]ortions of Defendants' Motion to Dismiss were based upon claims which have not been brought against the Defendants, and are therefore denied."

14

To the extent that we hold that the trial court should have granted the motion to dismiss as to Appellees' defamation per se claim, however, as a matter of law, this portion of Appellants' motion was not frivolous or solely intended to delay, and we sustain this portion of Appellants' sixth issue.

With regard to the remainder of Appellants' motion, Appellants do not challenge the sufficiency of the evidence to support the trial court's findings. Instead, in their brief they contend that the trial court made these findings based on an invalid assumption, namely, that a TCPA motion to dismiss is frivolous if it challenges causes of action other than defamation and libel. And while Appellees' attorney made this suggestion during the hearing on the motion, the trial court made no ruling or finding indicating whether it based its decision on—or even agreed with—Appellees' contention. Accordingly, because the record does not bear out the underlying premise of Appellants' argument, we overrule the remainder of Appellants' sixth issue.

## VII. Further Proceedings

Civil practice and remedies code section 27.009 mandates that if an action is dismissed under the TCPA, the trial court "shall award to the moving party . . . court costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action as justice and equity may require." *Id.* § 27.009(a)(1). Because, with regard to the defamation per se action, the trial court has not yet had the opportunity to determine the amount of court costs, attorney's fees, and other expenses that should be awarded here, we must

15

remand the case to the trial court to make these and any other determinations consistent with this opinion.

## VIII. Conclusion

Having sustained the portion of Appellants' first and sixth issues related to Appellees' claim for defamation per se, we reverse this portion of the trial court's order denying Appellants' motion to dismiss and finding the entire motion frivolous and remand the case to the trial court to enter an order granting dismissal as to Appellees' claims for defamation per se and a reconsideration of the remainder of Appellants' motion as to its frivolousness determination. We affirm the remainder of the trial court's order and remand the case for further proceedings consistent with this opinion.

/s/ Bonnie Sudderth

BONNIE SUDDERTH
CHIEF JUSTICE

PANEL:  SUDDERTH, C.J.; MEIER and PITTMAN, JJ.

DELIVERED:  June 21, 2018

16