

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00740-CV

Art **REYNA**,
Appellant

v.

Irene **BALDRIDGE** and Kathy Hill,
Appellees

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2014-CI-03985
Honorable Cathleen M. Stryker, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:     Karen Angelini, Justice
             Marialyn Barnard, Justice
             Patricia O. Alvarez, Justice

Delivered and Filed:  July 15, 2015

AFFIRMED

Appellant Art Reyna was sued by Appellees Irene Baldridge and Kathy Hill for libel per se based on a printed campaign advertisement distributed shortly before a Leon Valley City Council election in May 2013.  Reyna moved to dismiss Appellees' suit under the Texas Citizens Participation Act (TCPA), but the trial court denied his motion, and he filed this interlocutory appeal.  Because Appellees established by clear and specific evidence a prima facie case for each essential element of their libel per se claims, and Reyna failed to establish by a preponderance of the evidence each essential element of any defense, we affirm the trial court's order.

## BACKGROUND

Reyna, a member of the Leon Valley City Council, was sued by Baldridge and Hill—then incumbent city council members—for libel per se. When Baldridge and Hill sought reelection in May 2013, Reyna mailed a printed campaign advertisement to voters days before the election. In the ad, Reyna republished excerpts from pending civil litigation against Baldridge and alleged that Hill had misappropriated city funds. Reyna asked citizens to vote for the candidates he recommended and added these sentences:

> Their opponents in the race—Irene Baldridge, Monica Alcocer[,] and Kathy Hill— have each demonstrated that their own interests matter more than yours at City Hall. Whether the recent lawsuit by Leon Valley property owners outlining criminal wrongdoing on the part of Baldridge and Alcocer for personal gain or Hill's diverting the public proceeds of the City's 60th birthday party to a private interest group, their record is clear—they chose private gain over the public good.

Baldridge and Hill lost their reelection bids, and they sued Reyna. Reyna moved to dismiss the suit under section 27.003 of the TCPA. The trial court denied the motion, and Reyna filed this interlocutory appeal.

## TEXAS CITIZENS PARTICIPATION ACT

### A.     Purpose of the Act

The TCPA is intended "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE ANN. § 27.002 (West 2014); *accord In re Lipsky*, No. 13-0928, 2015 WL 1870073, at \*6 (Tex. Apr. 24, 2015) (orig. proceeding); *United Food & Commercial Workers Int'l Union v. Wal-Mart Stores, Inc.*, 430 S.W.3d 508, 511 (Tex. App.—Fort Worth 2014, no pet.).

**B.** **Motion to Dismiss**

Under the TCPA, "[i]f a legal action is based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association, that party may file a motion to dismiss the legal action." TEX. CIV. PRAC. & REM. CODE ANN. § 27.003; *accord United Food*, 430 S.W.3d at 511. The TCPA imposes burdens on both the movant and the nonmovant. TEX. CIV. PRAC. & REM. CODE ANN. § 27.005; *United Food*, 430 S.W.3d at 511.

*1. Movant's Initial Burden*

The movant must show "by a preponderance of the evidence that the legal action is based on, relates to, or is in response to the party's exercise of: (1) the right of free speech; (2) the right to petition; or (3) the right of association." TEX. CIV. PRAC. & REM. CODE ANN. § 27.005; *accord Lippincott v. Whisenhunt*, No. 13-0926, 2015 WL 1967025, at *2 (Tex. Apr. 24, 2015); *United Food*, 430 S.W.3d at 511. If the movant meets this initial burden, the burden shifts to the nonmovant. *Herrera v. Stahl*, 441 S.W.3d 739, 741 (Tex. App.—San Antonio 2014, no pet.)

*2. Nonmovant's Burden*

The nonmovant must "establish[] by clear and specific evidence a prima facie case for each essential element of the claim in question." *In re Lipsky*, 2015 WL 1870073, at *8 (alteration in original) (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c)); *accord United Food*, 430 S.W.3d at 511. In its review of the evidence, the court may consider circumstantial evidence. *In re Lipsky*, 2015 WL 1870073, at *5.

Circumstantial evidence may be used to "create[] an inference to establish a central fact." *Id.* (citing TEX. R. EVID. 401, 402). "Bare, baseless opinions do not create fact questions, and neither are they a sufficient substitute for the clear and specific evidence required to establish a prima facie case under the TCPA." *Id.* at *9 ("'[C]onclusory statement[s] . . . [are] insufficient to create a question of fact to defeat summary judgment.'" (second, third, fourth alterations in

- 3 -

original) (quoting *Elizondo v. Krist*, 415 S.W.3d 259, 264 (Tex. 2013))). But if the nonmovant provides clear and specific evidence of each essential element of her claim "sufficient as a matter of law to establish a given fact if it is not rebutted or contradicted," she has met her burden. *Id.* at *6. If the nonmovant meets her burden, the trial court must deny the motion unless the movant meets an additional burden. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c); *United Food*, 430 S.W.3d at 511.

### 3. *Movant's Additional Burden*

If the nonmovant meets her burden, the burden shifts back to the movant. TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(d); *United Food*, 430 S.W.3d at 511. If the movant then "establishes by a preponderance of the evidence each essential element of a valid defense to the nonmovant's claim," the trial court must dismiss the suit. TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(d); *accord United Food*, 430 S.W.3d at 511.

### STANDARD OF REVIEW

"We review de novo a trial court's ruling on a motion to dismiss under the TCPA." *United Food*, 430 S.W.3d at 511; *accord Rehak Creative Servs. v. Witt*, 404 S.W.3d 716, 726 (Tex. App.—Houston [14th Dist.] 2013), *disapproved of on no circumstantial evidence ground by In re Lipsky*, 2015 WL 1870073. We "consider the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based." TEX. CIV. PRAC. & REM. CODE ANN. § 27.006(a); *accord In re Lipsky*, 2015 WL 1870073, at *3; *Herrera*, 441 S.W.3d at 741; *United Food*, 430 S.W.3d at 511–12. "Accordingly, we review de novo whether (1) the movant satisfied the initial burden imposed by section 27.005(b), (2) the nonmovant satisfied the burden imposed by section 27.005(c), and (3) the movant satisfied the burden imposed by section 27.005(d)." *United Food*, 430 S.W.3d at 511; *accord Herrera*, 441 S.W.3d at 741.

## REYNA'S INITIAL BURDEN

As discussed above, a TCPA motion to dismiss has three burdens. TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b), (c), (d); *United Food*, 430 S.W.3d at 511; *see also Herrera*, 441 S.W.3d at 741. In his first issue, Reyna argues the trial court erred if it determined he did not meet his initial burden. Appellees concede Reyna met his initial burden, and we agree. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b) (movant's initial burden); *United Food*, 430 S.W.3d at 511; *see also Herrera*, 441 S.W.3d at 741. Thus, Reyna's first issue is moot.

## APPELLEES' BURDENS

Reyna's second, third, and fourth issues address Appellees' burdens: whether Appellees established by clear and specific evidence a prima facie case for each essential element of their libel per se claims. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c) (nonmovant's burden); *United Food*, 430 S.W.3d at 511. Baldridge and Hill both sued Reyna for libel per se. Their original petition appears to assert claims of statutory libel and common law libel per se. We begin with the essential elements of libel per se.

### A. Essential Elements for Libel Per Se

The essential elements of common law defamation vary depending on the defendant (media or non-media), the subject of the statement (e.g., public official or private citizen), and the matter (public or private concern). *See generally WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998). Here, the parties do not dispute that Baldridge and Hill are public officials, Reyna was not a media defendant, and the matter is of public concern. Given these facts, the essential elements of a common law libel per se claim are that the defendant "(1) published a statement; (2) that was defamatory concerning the plaintiff; (3) while acting with . . . actual malice, if the plaintiff was a public official or public figure, . . . regarding the truth of the statement." *Id.*

### 1. *Publish a Statement*

"Defamatory statements are 'published' if they are communicated orally, in writing, or in print to some third person capable of understanding their defamatory import and in such a way that the third person did so understand." *Austin v. Inet Technologies, Inc.*, 118 S.W.3d 491, 496 (Tex. App.—Dallas 2003, no pet.) (quoting *Ramos v. Henry C. Beck Co.*, 711 S.W.2d 331, 335 (Tex. App.—Dallas 1986, no writ)); *accord AccuBanc Mortg. Corp. v. Drummonds*, 938 S.W.2d 135, 147 (Tex. App.—Fort Worth 1996, writ denied).

### 2. *Defamatory to Plaintiff*

A statement that "tends to injure a living person's reputation . . . or to impeach any person's honesty, integrity, virtue, or reputation" is defamatory by statute. TEX. CIV. PRAC. & REM. CODE ANN. § 73.001 (West 2011); *accord Hancock v. Variyam*, 400 S.W.3d 59, 63 (Tex. 2013). Under the common law, "[a] statement that injures a person in her office, profession, or occupation is typically classified as defamatory *per se*." *Hancock*, 400 S.W.3d at 64; *accord Waste Mgmt. of Tex., Inc. v. Tex. Disposal Sys. Landfill, Inc.*, 434 S.W.3d 142, 151 (Tex. 2014). "A false statement which charges a person with the commission of a crime is libelous per se." *Leyendecker & Assocs. v. Wechter*, 683 S.W.2d 369, 374 (Tex. 1984). We construe an alleged defamatory statement "as a whole in light of the surrounding circumstances based upon how a person of ordinary intelligence would perceive it." *New Times, Inc. v. Isaacks*, 146 S.W.3d 144, 154 (Tex. 2004).

### 3. *Actual Malice*

"[A]ctual malice concerns the defendant's attitude toward the truth, not toward the plaintiff." *Freedom Newspapers of Tex. v. Cantu*, 168 S.W.3d 847, 858 (Tex. 2005). It "requires proof that the defendant made a statement 'with knowledge that it was false or with reckless disregard of whether it was true or not.'" *New Times*, 146 S.W.3d at 162 (quoting *Huckabee v. Time Warner Entm't Co.*, 19 S.W.3d 413, 420 (Tex. 2000)). Actual malice is satisfied by either

knowledge of the statement's falsity or reckless disregard for its truth. *Waste Mgmt.*, 434 S.W.3d at 157–58.

To show reckless disregard for the truth, a public official must provide evidence "that the defendant in fact entertained serious doubts as to the truth of his publication [or] evidence that the defendant actually had a high degree of awareness of . . . [the] probable falsity of his statements." *Bentley v. Bunton*, 94 S.W.3d 561, 591 (Tex. 2002) (second, third alterations in original) (quoting *Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 688 (1989)) (internal quotation marks omitted); *accord Huckabee*, 19 S.W.3d at 420. "[T]he failure to investigate the facts before speaking as a reasonably prudent person would do is not, standing alone, evidence of a reckless disregard for the truth[.]" *Bentley*, 94 S.W.3d at 591 (citing *Harte-Hanks*, 491 U.S. at 667–68). However, "evidence that a failure to investigate was contrary to a speaker's usual practice and motivated by a desire to avoid the truth may demonstrate the reckless disregard required for actual malice." *Id.*

"Reckless disregard is a subjective standard, focusing on the defendant's state of mind . . . at the time of publication." *New Times*, 146 S.W.3d at 162, 168. The defendant's state of mind can be proved by circumstantial evidence. *Freedom Newspapers*, 168 S.W.3d at 853 n.13 ("'The defendant's state of mind can—indeed, must usually—be proved by circumstantial evidence.'" (quoting *Bentley*, 94 S.W.3d at 596)). Courts must be careful when considering factors such as motive, but the defendant's motive or care may be considered in determining actual malice. *Bentley*, 94 S.W.3d at 591 (quoting *Harte-Hanks*, 491 U.S. at 668).

**B.      Evidence for Each Essential Element**

Appellees' burdens are to present clear and specific evidence showing a prima facie case for each essential element of their libel claims. *In re Lipsky*, 2015 WL 1870073, at *3; *United Food*, 430 S.W.3d at 511. A prima facie case means "evidence sufficient as a matter of law to

establish a given fact if it is not rebutted or contradicted. It is the 'minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true.'" *In re Lipsky*, 2015 WL 1870073, at *6 (quoting *In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d 218, 223 (Tex. 2004) (per curiam)). We recite points from the pleadings and evidence from Appellees' affidavits.

### 1.      *Publish a Statement*

Appellees presented the campaign advertisement showing the complained of statements. Reyna does not dispute that he mailed the printed statements to voters or that voters were able to understand the statements in the advertisement.[1] Appellees' evidence meets their burdens to show Reyna published a statement. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.006(a) (TCPA affidavits); *In re Lipsky*, 2015 WL 1870073, at *3 (same); *Austin*, 118 S.W.3d at 496 (publication); *AccuBanc Mortg. Corp.*, 938 S.W.2d at 147 (same).

### 2.      *Defamatory to Plaintiff*

The campaign advertisement states Appellees "chose private gain over the public good," Baldridge was being sued for "criminal wrongdoing," and Hill was "diverting . . . public proceeds . . . to a private interest group." Construing these statements "as a whole in light of the surrounding circumstances based upon how a person of ordinary intelligence would perceive [them]," *New Times*, 146 S.W.3d at 154, we conclude that Reyna's statements tended to injure Appellees' reputations; impeach their honesty, integrity, or reputation; and accuse them of criminal conduct. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 73.001 (injuring reputation); *Hancock*, 400 S.W.3d at 64 (injuring reputation, honesty, integrity); *Leyendecker*, 683 S.W.2d at 374 (alleging criminal conduct). Thus, Appellees met their burdens to show libel under the statute and common law.

---

[1] Reyna argues he "did not state that the allegations made in the lawsuit that outlined criminal wrongdoing were true" and that he "made no false statements by placing portions of the lawsuit on the campaign piece."

### 3. *Evidence of Actual Malice Regarding Baldridge Statement*

In her pleadings and affidavits, Baldridge presented the following facts as clear and specific evidence that Reyna knew his statements about her were false or he exercised a reckless disregard for the truth. *See Waste Mgmt.*, 434 S.W.3d at 157 (requiring a public figure to prove actual malice by known falsity or reckless disregard for the truth); *Bentley*, 94 S.W.3d at 591 (same).

Irene Baldridge was a licensed real estate broker, city council member, and city council candidate. While Baldridge was seeking re-election, Daniel Bee—a commercial property owner who was seeking to rezone his property—sued the property neighbors, Baldridge, and another city council candidate who opposed Bee's rezoning application; Baldridge voted against the application. In Reyna's campaign advertisement, he included accusatory excerpts from Daniel Bee's pending lawsuit. Reyna supported Bee's rezoning application, called public meetings to persuade neighbors to support Bee's application, but eventually voted against it. Reyna knew of Bee's claims of Baldridge's alleged conflict of interest months before the election. If Baldridge had such a conflict, it would be a Class A misdemeanor which would be a ground to remove her from office. Reyna had ready access to information that would have negated Baldridge's alleged conflict of interest. Reyna had previously called for a formal investigation of another city council member regarding alleged misconduct, but Reyna never asked for an investigation of Baldridge's alleged conflict, did not personally investigate the allegation against her, did not earlier raise the issue publicly, and made his first public statement about Baldridge's alleged conflict of interest five days before the election. Reyna also had a strong motive to lie about Baldridge: he wanted to defeat her and Hill, to get his political allies on the city council, and to gain control of the council. Reyna stated in a June 2014 affidavit in the Bee suit—that Baldridge "had, or may have had, a conflict of interest," which suggests he had doubts about the truth of his allegations against Baldridge.

### 4. Baldridge's Prima Facie Evidentiary Burden Met

Considering this evidence, we must determine whether it "creates an inference to establish a central fact"—that Reyna had serious doubts about the truth of, or purposefully avoided learning about, Baldridge's alleged conflict of interest. *See In re Lipsky*, 2015 WL 1870073, at *5. Baldridge presented evidence that Reyna knew months before the election of her alleged conflict of interest but, contrary to prior practice, did not investigate the allegation nor did he raise it until days before the election. *See Bentley*, 94 S.W.3d at 591 ("[E]vidence that a failure to investigate was contrary to a speaker's usual practice and motivated by a desire to avoid the truth may demonstrate the reckless disregard required for actual malice."). She also argued Reyna had a motive to lie to increase his own political power, and releasing the information only days before the election would greatly reduce Baldridge's ability to respond to the allegation. *See id.*

Having considered the evidence, we conclude it is more than "the 'minimum quantum of evidence necessary to support a rational inference that [Baldridge's] allegation [that Reyna exercised actual malice to the truth] is true.'" *In re Lipsky*, 2015 WL 1870073, at *6 (quoting *In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d at 223) (quantity of evidence); *New Times*, 146 S.W.3d at 162 (elements of actual malice); *Bentley*, 94 S.W.3d at 591 (public official's burden). Thus, Baldridge met her prima facie evidentiary burden to show Reyna exercised actual malice towards the truth.

### 5. Evidence of Actual Malice Regarding Hill Statement

In her pleadings and affidavits, Hill presented the following facts as clear and specific evidence that Reyna knew his statements about her were false or he exercised a reckless disregard for the truth. *See Waste Mgmt.*, 434 S.W.3d at 157 (requiring a public figure to prove actual malice by known falsity or reckless disregard for the truth); *Bentley*, 94 S.W.3d at 591 (same).

Kathy Hill was a Leon Valley City Council member seeking reelection. The city council approved a $10,000 budget to celebrate the city's birthday. The city's Director of Finance Report shows the authorized funds were expended on the approved activity, properly accounted for, and none were diverted to any private group. As a councilmember, Reyna had full access to the city's financial records. No councilmember, including Reyna, ever asked—either before or after the May 2013 election—for the council to investigate any alleged misappropriation by Hill. Reyna could have readily obtained any information about the expenditures, but Reyna had strong motive to lie about Hill to gain control of the city council for his personal political ambitions.

*6.      Hill's Prima Facie Evidentiary Burden Met*

Considering this evidence, we must determine whether it "creates an inference to establish a central fact"—that Reyna had serious doubts about the truth of, or purposefully avoided learning about, whether Hill diverted city funds to a private interest group. *See In re Lipsky*, 2015 WL 1870073, at *5. Hill presented evidence that Reyna had access to the city's financial information, had previously called for an investigation of another council member's alleged misconduct, but did not investigate the facts regarding Hill's alleged misappropriation of funds, and she argued Reyna purposefully avoided investigating because he did not want to know the truth. *See Bentley*, 94 S.W.3d at 591 ("[E]vidence that a failure to investigate was contrary to a speaker's usual practice and motivated by a desire to avoid the truth may demonstrate the reckless disregard required for actual malice."). Hill also presented evidence and argued that Reyna had a motive to lie to gain political power, he knew of the disposition of the funds well before the election, but he chose not to make his accusation against Hill until days before the election. *See id.*

We conclude that Hill's evidence is more than "the 'minimum quantum of evidence necessary to support a rational inference that [Hill's] allegation [that Reyna exercised actual malice to the truth] is true.'" *In re Lipsky*, 2015 WL 1870073, at *6 (quoting *In re E.I. DuPont de Nemours*

- 11 -

*& Co.*, 136 S.W.3d at 223). Thus, Hill met her prima facie evidentiary burden to show Reyna exercised actual malice towards the truth. Having concluded that Baldridge and Hill met their respective prima facie evidentiary burdens, we overrule Reyna's second, third, and fourth issues.

### REMAINING ISSUES

Reyna argues that Appellees failed to meet their respective burdens, but he does not expressly argue that if Appellees met their burdens, he met his additional burden. To the extent Reyna intended to argue that he met his additional burden, we conclude he failed to "establish[] by a preponderance of the evidence each essential element of a valid defense to [Appellees'] claim[s]." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(d); *United Food*, 430 S.W.3d at 511.

In his fifth issue, Reyna argued the trial court erred if it relied on circumstantial evidence to create an inference to establish a central fact. When *In re Lipsky* issued—after the briefs were filed but before oral argument in this appeal—Reyna acknowledged that Appellees could use circumstantial evidence to meet their burdens. *See In re Lipsky*, 2015 WL 1870073, at \*5. Reyna's fifth issue is overruled.

In his sixth issue, Reyna contends the trial court erred because it did not award him "court costs, reasonable attorney's fees, and other expenses." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.009 (damages and costs); *Cruz v. Van Sickle*, 452 S.W.3d 503, 522 (Tex. App.—Dallas 2014). Reyna was not entitled to costs and damages unless he prevailed on his motion, and we will affirm the trial court's order denying Reyna's motion. Reyna's sixth issue is overruled.

### CONCLUSION

In his appeal of the trial court's order denying his motion to dismiss under the TCPA, Reyna argues, and Appellees concede, Reyna met his initial burden to show Appellees' suit was

based on his exercise of his right of free speech. Reyna also argues the trial court erred because Appellees failed to meet their burdens to present prima facie evidence of his libel per se.

Having reviewed the evidence de novo, we conclude Appellees Irene Baldridge and Kathy Hill met their burdens to establish by clear and specific evidence a prima facie case that Reyna committed libel per se by distributing the complained of printed campaign advertisement shortly before the city council election. Having overruled each of Reyna's issues, we affirm the trial court's order.

Patricia O. Alvarez, Justice